# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **COLLABO INNOVATIONS, INC.,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. _____** |
| § | |
| **APTINA (U.S.) INC., APTINA, LLC,** § | |
| **APTINA IMAGING CORPORATION,** § | |
| **and ON SEMICONDUCTOR** § | |
| **CORPORATION** § | **JURY TRIAL DEMANDED** |
| § | |
| **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Collabo Innovations, Inc. ("Plaintiff") by and through their undersigned counsel, file this Original Complaint against Defendants Aptina (U.S.) Inc., Aptina, LLC, Aptina Imaging Corporation, and ON Semiconductor Corporation as follows:

## THE PARTIES

1. Collabo Innovations, Inc. Inc. is a Delaware corporation with its principal place of business at 600 Anton Blvd., Suite 1350, Costa Mesa, California, 92626.

2. Upon information and belief, Aptina (U.S.) Inc., is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Aptina (U.S.) Inc., claims as its principal place of business 3080 North First Street, San Jose, CA 95134. Upon information and belief, Aptina (U.S.) Inc., may be served with process

by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.   Upon information and belief, Aptina, LLC is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Aptina, LLC, claims as its principal place of business 3080 North First Street, San Jose, CA 95134. Upon information and belief, Aptina, LLC may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.   Upon information and belief, Aptina Imaging Corporation is a Cayman Corporation, has conducted and regularly conducts business within this District and has purposefully availed itself of the privileges of conducting business in this District. Upon information and belief, Aptina Imaging Corporation, claims as its principal place of business 190 Elgin Avenue, George Town, Grand Cayman KY 1-9005, Cayman Islands. For ease of reference, Defendants Aptina (U.S.) Inc., Aptina, LLC, and Aptina Imaging Corporation are referred to collectively as "Aptina."[1]

5.   Upon information and belief, ON Semiconductor Corporation is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon

---

[1] In addition to Aptina (U.S.) Inc., Aptina, LLC, Aptina Imaging Corporation, Aptina appears to do business, and sell infringing products, through other trade names such as Aptina Corporation. Plaintiff's Original Complaint relates to all of the foregoing Aptina entities and trade names.

information and belief, ON Semiconductor claims as its principal place of business, 5005 East McDowell Road, Phoenix, Arizona 85008. Upon information and belief, ON Semiconductor Corporation may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

6.  This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7.  As further detailed herein, this Court has personal jurisdiction over Defendants. Defendants have conducted and regularly conduct business within the United States and this District. Defendants have purposefully availed themselves of the privileges of conducting business in the United States, and more specifically in this District. Defendants have sought protection and benefit from the laws of the State of Delaware by incorporating in the State of Delaware, and/or by placing infringing products into the stream of commerce through an established distribution channel with the expectation and/or knowledge that they will be purchased by consumers in this District. Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in this District.

8.  Defendants, directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents, have and continue to ship, distribute, offer for sale, and/or sell their products in the United States and this District. Defendants have purposefully and voluntarily placed one or more of their infringing products, as described below, into the stream of commerce with the expectation and/or knowledge that they will be purchased by consumers in this District. Defendants knowingly and purposefully have and continue to ship

infringing products into this District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Upon information and belief, Defendants have committed the tort of patent infringement in this District, have contributed to patent infringement in this District, and/or have induced others to commit patent infringement in this District.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), in that, upon information and belief, Defendants have committed acts within this judicial District giving rise to this action and do (and have done) business in this District, including but not limited to making sales in this District, providing service and support to their respective customers in this District, and/or operating an interactive website that is available to persons in this District, which website advertises, markets, and/or offers for sale infringing products.

**BACKGROUND**

**A.   The Patents-In-Suit.**

10. U.S. Patent No. 6,166,405, titled "Solid-State Imaging Device," ("the '405 patent") was duly and legally issued by the U.S. Patent and Trademark Office on December 26, 2000 after full and fair examination. Plaintiff is the sole owner of the '405 patent by assignment. A true and correct copy of the '405 patent is attached as **Exhibit A** and made a part hereof.

11. U.S. Patent No. 7,696,543, titled "Solid State Imaging Device," ("the '543 patent") was duly and legally issued by the U.S. Patent and Trademark Office on April 13, 2010, after full and fair examination. Plaintiff is the sole owner of the '543 patent. A true and correct copy of the '543 patent is attached as **Exhibit B** and made a part hereof.

12. U.S. Patent No. 5,976,907, titled "Solid State Imaging Device and Production Method for the Same," ("the '907 patent") was duly and legally issued by the U.S. Patent and Trademark Office on November 2, 1999, after full and fair examination. Plaintiff is the sole owner of the '907 patent.  A true and correct copy of the '907 patent is attached as **Exhibit C** and made a part hereof.

**B.     Defendants' Infringing Conduct.**

13. Upon information and belief, Defendant Aptina makes, made, uses, used, offers, offered to sell, and/or sells, sold within, and/or imported, or imports into the United States semiconductor devices that utilize technologies covered by the patents-in-suit. Upon information and belief, the infringing semiconductor devices include, but are not limited to, CMOS image sensor products. Upon information and belief, Defendant's semiconductor devices are incorporated into products, including but not limited to mobile phones, digital and video cameras, notebook computers, surveillance cameras, and medical, automotive and industrial applications, barcode scanners, toys and gaming products that are made, used, offered for sale, and/or sold within, and/or imported into the United States, including this District.

14. Upon information and belief, Defendant ON Semiconductor recently announced the completion of its acquisition of Defendant Aptina, and uses, offers to sell, and/or sells within, and/or imports into the United States semiconductor devices that utilize technologies covered by the patents-in-suit. Upon information and belief, the infringing semiconductor devices include, but are not limited to, CMOS image sensor products. Upon information and belief, Defendant ON Semiconductor's semiconductor devices are incorporated into products, including but not limited to mobile phones, digital and video cameras, notebook computers, surveillance cameras, and medical, automotive and industrial applications, barcode scanners, toys and gaming products

that are made, used, offered for sale, and/or sold within, and/or imported into the United States, including this District.

## COUNT I

## Patent Infringement of U.S. Patent No. 6,166,405

15. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-14 as though fully set forth herein.

16. The '405 patent is valid and enforceable.

17. Defendants were not at any time, either expressly or impliedly, licensed under the '405 patent.

18. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute, including, but not limited to, by providing actual or constructive notice to Defendants of their alleged infringement.

19. Upon information and belief, Defendants have been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '405 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '405 patent, including, but not limited to, Aptina's CMOS Image Sensors: AR0330, AR0330CS, AR0331, MT9D014D00STC, MT9M002I12STC, MT9M012D00STC, MT9M019D00STC, MT9M032C12STC,       MT9M032C12STMU,       MT9P001I12STC,       MT9P006I12STC,

MT9P011D00STC, MT9P014D00STC, MT9P031I12STC, MT9P031I12STM, MT9P401I12STC, MT9T012D00STC and other similar products.

20. Upon information and belief, Defendants have been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '405 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '405 patent, including, but not limited to Go Pro® video cameras, and other similar products. The products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '405 patent in substantially the same way to achieve the same result.

21. Upon information and belief, the products containing these semiconductor devices have no substantial non-infringing uses, and Defendants had knowledge of the non-staple nature of the products containing these semiconductor devices and the '405 patent throughout the entire period of its infringing conduct or at least by April 21, 2014, when Defendants were formally placed on notice of their infringement through a letter sent to Aptina's then CEO, Mr. Phil Carmack, at Aptina Imaging Corporation 3080 North 1st Street San Jose, CA 95134, which letter identified the patents-in-suit and infringing products.

## COUNT II

### Patent Infringement of U.S. Patent No. 7,696,543

22.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-21 as though fully set forth herein.

23.     The '543 patent is valid and enforceable.

24.     Defendants were not at any time, either expressly or impliedly, been licensed under the '543 patent.

25.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute, including, but not limited to, by providing actual or constructive notice Defendants of its alleged infringement.

26.     Upon information and belief, Defendants have been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '543 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '543 patent, including, but not limited to, Aptina's CMOS Image Sensors: AR0330, AR0330CS, AR0331, MT9D014D00STC, MT9M002I12STC, MT9M012D00STC, MT9M019D00STC, MT9M032C12STC, MT9M032C12STMU, MT9P001I12STC, MT9P006I12STC, MT9P011D00STC, MT9P014D00STC, MT9P031I12STC, MT9P031I12STM, MT9P401I12STC, MT9T012D00STC and other similar products.

27.     Upon information and belief, Defendants have been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C.

8

§ 271(c), the '543 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '543 patent, including, but not limited to Go Pro® video cameras, and other similar products. The products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '543 patent in substantially the same way to achieve the same result.

28. Upon information and belief, the products containing these semiconductor devices have no substantial non-infringing uses, and Defendants had knowledge of the non-staple nature of the products containing these semiconductor devices and the '543 patent throughout the entire period of its infringing conduct or at least by April 21, 2014 when Defendants were formally placed on notice of their infringement through a letter sent to Aptina's then CEO, Mr. Phil Carmack, at Aptina Imaging Corporation 3080 North 1st Street San Jose, CA 95134, which letter identified the patents-in-suit and infringing products.

## COUNT III

### Patent Infringement of U.S. Patent No. 5,976,907

29. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-28 as though fully set forth herein.

30. The '907 patent is valid and enforceable.

31. Defendants was not at any time, either expressly or impliedly, been licensed under the '907 patent.

32. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute, including, but not limited to, by providing actual or constructive notice to Defendants of their alleged infringement.

33. Upon information and belief, Defendants have been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '543 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '543 patent, including, but not limited to, Aptina's CMOS Image Sensors: AR0330, AR0330CS, AR0331, MT9D014D00STC, MT9M002I12STC, MT9M012D00STC, MT9M019D00STC, MT9M032C12STC, MT9M032C12STMU, MT9P001I12STC, MT9P006I12STC, MT9P011D00STC, MT9P014D00STC, MT9P031I12STC, MT9P031I12STM, MT9P401I12STC, MT9T012D00STC and other similar products.

34. Upon information and belief, Defendants have been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '907 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '907 patent, including, but not limited to Go Pro® video cameras, and other similar products. The

products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '907 patent in substantially the same way to achieve the same result.

35. Upon information and belief, the products containing these semiconductor devices have no substantial non-infringing uses, and Defendants had knowledge of the non-staple nature of the products containing these semiconductor devices and the '907 patent throughout the entire period of its infringing conduct or at least by April 21, 2014, when Defendants were formally placed on notice of their infringement through a letter sent to Aptina's then CEO, Mr. Phil Carmack, at Aptina Imaging Corporation 3080 North 1st Street San Jose, CA 95134, which letter identified the patents-in-suit and infringing products.

## CONCLUSION

36. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

37. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover their reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

38. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

39. Plaintiff respectfully request that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. A judgment that Defendants have infringed the patents-in-suit as alleged herein, directly and/or indirectly by way of inducing or contributing to infringement of such patents;

B. A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Defendants;

C. A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, including up to treble damages for willful infringement as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate, including, but not limited to, past, present, and future royalties;

D. A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

E. A judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

F. Such other and further relief as the Court deems just and equitable.

Dated: August 22, 2014                    Respectfully submitted,

                                                    **FARNAN LLP**

                                                    */s/ Brian E. Farnan*
                                                    Brian E. Farnan (Bar No. 4089)
                                                    Michael J. Farnan (Bar No. 5165)
                                                    919 North Market Street, 12th Floor
                                                    Wilmington, Delaware 19801
                                                    302-777-0300 Telephone
                                                    302-777-0301 Facsimile
                                                    bfarnan@farnanlaw.com
                                                    mfarnan@farnanlaw.com

Of Counsel:

Jeffrey R. Bragalone
Patrick J. Conroy
Monte M. Bond
T. William Kennedy, Jr.
**BRAGALONE CONROY P.C.**
Chase Tower,
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
214-785-6670 Telephone
214-785-6680 Facsimile
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
mbond@bcpc-law.com
bkennedy@bcpc-law.com

                                                    Attorneys for Plaintiff
                                                    **COLLABO INNOVATIONS, INC.**